MAXAMILIAN W. KOENIGSHEIM et al., Appellants, against THE HAMBURG AMERICAN PACKET CO., Respondents.

(Decided May 18th, 1883.)

In an action against steamship owners for damages to a tank of glycerine shipped by one of their vessels, it appeared that the defendants had given a bill of lading acknowledging receipt thereof in good order, but exempting them from liability for leakage, breakage, corruption, rust or torn wrappers; and it was proved that, on arrival at the port of destination, the tank was found empty, with holes in its sides and indentations in many places where cases had been shoved against it. Held, that in the absence of any evidence showing how the injury occurred, there was sufficient proof to justify a finding by the jury that the defendants were guilty of negligence, and that a dismissal of the complaint was error.

APPEAL from a judgment of the General Term of the Marine Court of the city of New York, affirming a judg-

ment of that court entered upon a dismissal of the complaint.

On the 8th day of February the plaintiff shipped certain tanks of glycerine upon one of the defendants' steamships at Hamburg and received a bill of lading acknowledging the receipt of the goods in good order and well conditioned and contracting to deliver the goods in like good order and condition at Hoboken. The bill of lading provided that the carrier should not be answerable for leakage, breakage, corruption, rust or torn wrappers.

Upon arrival of the tanks in the vessel one of the tanks was found empty, the rim being broken and the tank cut in two places and with a number of indentations where cases had been shoved against it.

Plaintiffs thereupon commenced this action in the Marine Court to recover damages because of the loss of the glycerine, and upon the trial of the action, the foregoing facts being shown, the court dismissed the complaint upon the ground that no negligence upon the part of the carrier had been shown. From the judgment thereupon entered plaintiffs appealed to the General Term of the Marine Court, where such judgment was affirmed; and from such judgment of affirmance plaintiffs appealed to this court.

*A. H. Reavy,* for appellants.

*Butler, Stillman & Hubbard,* for respondents.

VAN BRUNT, J.—[After stating the facts as above.]— It is undoubtedly true that the plaintiffs in this action cannot recover without showing to the satisfaction of the jury that the defendants have been guilty of negligence in the discharge of their duties as carriers.

But the question is, were not the facts proven in this case, *viz.,* that the tank in question, which had been received in Hamburg in good order, when it arrived at New York was found to have two holes knocked into it and indented

in many places where cases had been shoved against it, sufficient in the absence of all evidence showing how these things occurred to have justified a jury in finding that the defendants had been guilty of negligence?

We think they were. The defendants had the custody of the goods. They undertook their carriage, and it is to be presumed that the merchandise could be expected to arrive in the same good order and condition in which it was received, because the defendants contracted so to deliver it. It is true that by the bill of lading the defendants exempted themselves from liability from leakage and breakage, but such exemption did not extend to leakage and breakage caused by the negligence of the carrier.

The defendants having charge of the goods could easily have explained what had happened during the voyage excusing the appearance of the tank on arrival.

The defendants could prove nothing except the fact that the tank upon delivery exhibited the effect of hard and rough usage occasioned by cases being shoved against it. From this evidence the jury would have had the right to infer, that the shoving of the cases against the tank occurred because of bad stowage or careless handling, for either of which the defendants were liable. The case of *Lamb* v. *Camden & Amboy R. R. Co.* (46 N. Y. 271), held that the burden was upon the plaintiff to show negligence upon the part of the carrier, but it was not held that the precise nature of the negligence must be shown, and it is more than intimated that simply proving the fire in that case would have called upon the defendants for explanation. The error in the case of Lamb was the erroneous direction to the jury that the burden of proof was upon the defendants to excuse their apparent negligence, instead of charging that the burden was upon the plaintiff to prove negligence, and that if the proof was balanced the defendants were entitled to a verdict.

We are of the opinion, therefore, that the proof in the case at bar was of such a character as would have justified a jury in finding negligence upon the part of the defendants,

and consequently it was error to dismiss the complaint. The judgment must, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.