Per Curiam.
In order to show that the defendant was negligent, the plaintiffs were bound to prove the condition -of the goods at the time they went into the hands of the carrier at Hopkinsville, Kentucky. As the goods were wet *588 when the defendant delivered them to the plaintiffs, it would have been incumbent upon the defendent to explaih how they became so if the plaintiff proved that they were in good condition at the time of their shipment. Russell Manuf’g Co. v. N. H. S. B. Co., 50 N. Y., 127.
The bill of lading, or document that answers the purpose of á bill of lading, acknowledging the receipt of the goods in good order and in good condition, would have been sufficient in the first instance to show that the goods were uninjured at the time they were shipped. Koenigsheim, v. Hamburg Packet Co., 12 Daly, 123.
There is no presumption that the goods were in good order when shipped, nor is it to be presumed that they remained in the same condition in which they were at the time the plaintiff forwarded them to Hopkinsville for inspection by their customer at that place. The goods had been out of the possession of the express companies, and in the hands of the plaintiff’s customer, and there can be no presumption that whilst out of the deféndant’s control the goods were always in safe hands.
Judgment reversed and new trial ordered, with costs to abide the event.